# EXHIBIT 1



# GEORGETOWN LAW
## INSTITUTE FOR PUBLIC REPRESENTATION

Directors
Hope M. Babcock
Angela J. Campbell
Michael T. Kirkpatrick
 Benton Senior Counselor
Andrew Jay Schwartzman
 Staff Attorneys
Meghan M. Boone
Sarah Fox*
Patrick Llewellyn***
Daniel H. Lutz**
Jonathan A. Perez*
Drew T. Simshaw*

600 New Jersey Avenue, NW, Suite 312
Washington, DC 20001-2075
Telephone: 202-662-9535
Fax: 202-662-9634

September 3, 2015

Via Email and U.S. Mail:

Jay Ferguson
Chief Legal Officer
Randstad North America
One Overton Park
3625 Cumberland Blvd.
Atlanta, GA 30339
jay.ferguson@randstadusa.com

James L. Banks
City Attorney
City of Alexandria
301 King St. #1300
Alexandria, VA 22314
james.banks@alexandriava.gov

**Re:   Monica Quintana's Unlawful Termination**

Dear Mr. Ferguson and Mr. Banks:

     We represent Monica Quintana with respect to her unlawful termination by Randstad and the City of Alexandria. We are writing in the hope that this matter can be resolved amicably.

     Ms. Quintana began working for the City of Alexandria in November 2011. In November 2012, the City of Alexandria transferred Ms. Quintana's employment to Randstad, but Ms. Quintana continued doing the same job for the City of Alexandria. Under both employers, Ms. Quintana's performance was consistently satisfactory.

---

\* DC bar membership pending. Practice supervised by members of the DC bar.
\*\* Admitted to bars of Washington State, the United States Court of Appeals for the District of Columbia Circuit, and the United States District Court of the District of Columbia.
\*\*\* Admitted in Georgia.

Jay Ferguson and James L. Banks
September 3, 2015
Page 2 of 2

   On January 9, 2014, Ms. Quintana's husband suffered a sudden stroke and fell into a coma. Ms. Quintana immediately and timely notified Lisa Baker, her supervisor at the City of Alexandria, that Ms. Quintana's husband was in a hospital with a life-threatening condition and requested medical leave to care for him. On Friday, January 10, 2014, Ms. Quintana contacted Telisa Brown, her supervisor at Randstad, to notify Ms. Brown that she was on medical leave with permission from Ms. Baker. On Monday, January 13, 2014, Ms. Quintana also spoke with Kourtney Harris, another supervisor at the City of Alexandria, and requested a Family and Medical Leave Act (FMLA) form.

   On January 16, 2014, Ms. Quintana emailed Ms. Baker and advised Ms. Baker that her husband's condition had improved and Ms. Quintana hoped to return to work shortly. On January 17, 2014, Ms. Baker replied that Ms. Quintana was no longer needed at the City of Alexandria. Subsequently, Ms. Quintana followed up with Ms. Brown to request that Randstad reinstate Ms. Quintana to her previous position with the City of Alexandria or, alternatively, place Ms. Quintana in an equivalent position elsewhere.

   The City of Alexandria and Randstad both violated the FMLA by terminating Ms. Quintana while she was on protected medical leave. 29 U.S.C. §§ 2601-2654. Under the FMLA, Ms. Quintana was eligible to take medical leave to care for a spouse with a "serious health condition." 29 U.S.C. § 2612. Because Ms. Quintana qualified for FMLA leave, she was entitled to be restored to her previous position or an equivalent position upon her return. However, Randstad and the City of Alexandria failed to restore Ms. Quintana to the same or an equivalent position.

   The City of Alexandria and Randstad are joint employers; therefore, both are subject to liability under the FMLA. Employers who violate the FMLA may be liable for back wages, interest on those wages, and liquidated damages equal to the wages and interest an employee is owed. Additionally, employers may be liable for equitable remedies, such as reinstatement, and for attorney's fees and costs.

   We are writing this letter in the hope that this matter can be resolved quickly and amicably, and that we can avoid the expense and inconvenience of litigation or other legal action. If you are interested in resolving this matter without litigation, please contact us or have your attorney contact us by September 11, 2015. If we do not hear from you, we will advise our client to proceed with legal action against Randstad and the City of Alexandria.

   This letter is sent with the reservation that this letter is not to be used in the event this matter is mediated, arbitrated, or tried in court. Fed. R. Evid. 408. This letter also serves to notify you of your duty to preserve any evidence, including electronic data, in your possession related to this potential action.

   We look forward to hearing from you.

            Sincerely,

            Michael T. Kirkpatrick